# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 12-3616

———————————————

United States of America,

*Plaintiff - Appellee,*

v.

Robert D. Lunsford,

*Defendant - Appellant.*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: April 10, 2013
Filed: August 5, 2013

——————————

Before COLLOTON and SHEPHERD, Circuit Judges, and ROSE[1], District Judge.

——————————

COLLOTON, Circuit Judge.

Robert Lunsford, a sex offender subject to the requirements of the Sex Offender Registration and Notification Act ("SORNA"), entered a conditional plea of guilty to a charge of failing to update his registration after he moved from Missouri

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa, sitting by designation.

to the Philippines. He appeals the district court's denial of his motion to dismiss the indictment, arguing that SORNA did not require him to update his registration in Missouri to reflect his move out of the country. Because the text of SORNA does not extend registration requirements to Lunsford's situation, we conclude that the motion to dismiss was meritorious, and we therefore reverse.

I.

Because Lunsford sustained convictions for sexual abuse in 1990 and 1993, SORNA required him to register as a sex offender. In February 2011, Lunsford lived and was registered at an address on Northwest Plaza Drive, Kansas City, in Clay County, Missouri. On May 3, Lunsford boarded a flight from Kansas City to the Philippines on a round-trip ticket, with a return scheduled for May 24. He did not use his return ticket, however, and he did not inform the Missouri registry of a change of residence. On July 20, law enforcement officers arrested Lunsford in the Philippines. He was eventually deported and sent back to the United States.

A grand jury in Western Missouri charged Lunsford with one count of failing to update his registration, in violation of 18 U.S.C. § 2250(a). Lunsford moved to dismiss the indictment, arguing that SORNA did not require him to update his registration when he left the United States. The district court denied the motion, adopting the recommendation of a magistrate judge, and Lunsford entered a conditional guilty plea. Lunsford appeals the district court's denial of his motion to dismiss.

II.

SORNA requires a sex offender to "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). To "keep the registration

current," an offender must "not later than 3 business days after each change of . . . residence . . . appear in person in at least 1 jurisdiction involved pursuant to [42 U.S.C. § 16913(a)] and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry." *Id.* § 16913(c). The offender must supply, among other things, the address of "each residence at which the sex offender resides or will reside." *Id.* § 16914(a)(3). A sex offender violates 18 U.S.C. § 2250(a) if he travels in interstate or foreign commerce and knowingly fails to register or update a registration as required by SORNA.

Lunsford changed his residence when he moved to the Philippines. A change of residence triggers an obligation on the part of a sex offender to update a "jurisdiction involved" with the address of his new residence. 42 U.S.C. §§ 16913(c); 16914(a)(3). SORNA's definition of "jurisdiction" excludes foreign countries, *id.* § 16911(10), so Lunsford was not required to register in the Philippines. The government's theory is that Lunsford violated SORNA when he did not supply information about his change of residence to the Missouri registry. He was required to do so, however, only if Missouri was a "jurisdiction involved," within the meaning of SORNA, when he changed his residence.

A "jurisdiction involved" is a jurisdiction where the offender resides, is an employee, or is a student. *Id.* § 16913(a), (c). The government does not argue that Lunsford was an employee or a student in Missouri at the relevant time, but contends that Missouri was a "jurisdiction involved" because it was the "jurisdiction where the offender resides." *Id.* § 16913(a). SORNA defines "resides" to mean, "with respect to an individual, the location of the individual's home or other place where the individual habitually lives." *Id.* § 16911(13).

The stipulated factual basis for Lunsford's guilty plea demonstrates that he did not reside in Missouri when he changed his residence. According to the plea agreement, Lunsford allegedly violated SORNA between May 3 and July 28, "*after*

-3-

he traveled in interstate and foreign commerce." Plea Agreement at 3 (emphasis added). The government does not contend, for example, that Lunsford established a new residence in Missouri after he abandoned his residence on Northwest Plaza Drive and before he boarded his flight to the Philippines. The plea agreement reflects the understanding of the parties that Lunsford did not change his residence and trigger a reporting obligation until after he left the United States. But after Lunsford left the country, Missouri was not the location of his home or a place where he habitually lived, so Lunsford did not "reside" in Missouri when he changed his residence. *See* 42 U.S.C. § 16911(13).

The government nonetheless contends that Missouri was a "jurisdiction involved," because it was the jurisdiction where Lunsford resided until he changed his residence. The National Guidelines for Sex Offender Registration and Notification, which provide guidance to States about SORNA, seem to reflect this understanding of the statute, saying that "[i]f a sex offender simply leaves the country and does not inform the jurisdiction or jurisdictions in which he has been registered, then the requirement to keep the registration current will not have been fulfilled." 73 Fed. Reg. 38,030, 38,066-67 (July 2, 2008). Neither the National Guidelines nor the government's brief in this case, however, grapple effectively with the language of the statute on this point, and we conclude that the text forecloses the government's position. An offender is required to "keep the registration current" in the jurisdiction where he "resides," 42 U.S.C. § 16913(a), not a jurisdiction where he "resided." "Resides" is a present-tense verb, and "the present tense generally does not include the past." *United States v. Carr*, 130 S. Ct. 2229, 2236 (2010) (citing the Dictionary Act, 1 U.S.C. § 1). There is thus no textual basis for requiring an offender to update his registration in a jurisdiction where he formerly "resided," and where he is not currently an employee or a student. Missouri was not a "jurisdiction involved" after Lunsford changed his residence to somewhere in the Philippines, so Lunsford was not required by the federal statute to update the Missouri registry.

III.

The government advances three principal arguments against this straightforward application of the statutory text. First, it relies on *United States v. Murphy*, 664 F.3d 798 (10th Cir. 2011), a case in which a registered sex offender abandoned his residence in Utah, traveled by bus to Mexico, and relocated to Belize without updating the Utah registry. *Id.* at 800. A divided panel affirmed Murphy's conviction for violating § 2250(a), concluding that "[w]hen an offender leaves a residence in a state, and then leaves the state entirely, that state remains a jurisdiction involved." *Id.* at 803. One court has observed that "*Murphy* is no model of clarity," *United States v. Lewis*, No. 12-10180, 2013 WL 1308512, at *3 (D. Kan. Mar. 28, 2013), and the Tenth Circuit may have concluded that the offender still resided in Utah within the meaning of § 16911(13) when he changed his residence and triggered his reporting obligation. *See Murphy*, 664 F.3d at 803 ("[T]he intentional abandonment of a home does not in itself change the 'jurisdiction where the offender resides,' so long as the offender was still a resident of the state when the abandonment occurred."). But insofar as *Murphy* concluded that an offender who leaves a domestic jurisdiction for a foreign jurisdiction necessarily must update his registration in the domestic jurisdiction where he formerly resided, we respectfully disagree. According to the statute, a jurisdiction is a "jurisdiction involved" only if the offender resides, works, or studies there "after [a] change of . . . residence." 42 U.S.C. § 16913(a), (c); *see Murphy*, 664 F.3d at 805-06 (Lucero, J., dissenting).[2]

---

[2]The government briefly suggests that because § 2250(a) applies to an individual "who travels in interstate or *foreign* commerce," 18 U.S.C. § 2250(a)(2)(B) (emphasis added), the actions of an offender who does not update a registry after moving abroad must meet the elements of the offense. The registration requirements, however, are established by § 16913 not § 2250(a). In any event, the reference to foreign commerce in § 2250(a) is not inconsistent with the limitations on a "jurisdiction involved" in § 16913(a). For example, an offender who changes his residence from the United States to a contiguous foreign jurisdiction, but who is still an employee or a student in the United States, must update the registry in the

The government also relies on policy arguments—principally, SORNA's asserted purpose to establish a comprehensive national registration system, and the corresponding need to prevent sex offenders from evading registration requirements by adopting an itinerant lifestyle. *See United States v. Van Buren*, 599 F.3d 170, 174-75 (2d Cir. 2010). The government contends that if the jurisdiction from which a sex offender departs does not count as a "jurisdiction involved," then transient offenders could avoid registering altogether by continuously relocating without establishing a new residence. This court has recognized, however, that transient sex offenders who lack a fixed residence usually will "habitually live" somewhere: for example, in "'a certain part of a city that is the sex offender's habitual locale, a park or spot on the street (or a number of such places) where the sex offender stations himself during the day or sleeps at night.'" *See United States v. Voice*, 622 F.3d 870, 875 (8th Cir. 2010) (quoting National Guidelines, 73 Fed. Reg. at 38,055). Therefore, SORNA's requirement that a sex offender register in the jurisdiction where he "habitually lives" typically should ensure that a sex offender who moves from one jurisdiction to another is required to register in the jurisdiction to which he moves, even if he "resides" at a park bench or on a group of street corners. If, despite the foregoing, there is still a hole in the law that permits a particular transient to avoid registration, then it is a product of the statutory text that we cannot repair.

When a sex offender moves abroad, moreover, the government's policy argument is even more attenuated. Congress enacted SORNA to "protect the public from sex offenders and offenders against children." 42 U.S.C. § 16901. The prospect of sex offenders evading their registration obligations by moving from jurisdiction to jurisdiction within the United States raises serious public safety concerns, and the National Guidelines concerning "residence information" and offenders who lack fixed

---

jurisdiction where he works or studies, after having traveled in foreign commerce. Likewise, an offender who leaves the United States for a period of years and then travels in foreign commerce to reside again in this country is subject to prosecution under § 2250(a) if he fails to register as required.

abodes are designed to address them. *See Voice*, 622 F.3d at 875; National Guidelines, 73 Fed. Reg. at 38,055. But Congress did not give SORNA extraterritorial effect, *see* 42 U.S.C. § 16911(10), and when a sex offender leaves the country, he no longer poses an immediate threat to the safety of children in the United States. The government asserts no policy interest under SORNA in monitoring the offender's subsequent movements *among* foreign jurisdictions. *See* National Guidelines, 73 Fed. Reg. at 38,066 ("A sex offender who moves to a foreign country may pass beyond the reach of U.S. jurisdictions and hence may not be subject to any enforceable registration requirement under U.S. law unless and until he or she returns to the United States.").

Law enforcement officials understandably would like to know if a registered offender has left the country, so the police need not worry that he has gone "missing" in the United States. But with the possible exception of an offender destined for an overseas U.S. military base, *see id.* at 38,067, the policy interest in learning of foreign travel apparently is to conserve law enforcement resources and to maintain peace of mind rather than to ensure domestic public safety. These are worthy interests that Congress may wish to address, but they are not encompassed within the scope of the federal statute as written. *Cf.* Mo. Rev. Stat. 589.414 ("If any person required . . . to register changes their state of residence, the person shall appear in person and shall inform both the chief law enforcement official with whom the person was last registered and the chief law enforcement official of the area in the new state having jurisdiction over the new residence or address within three business days of such new address.").

The government further contends that circuit precedent supports its interpretation of SORNA. The principal authority cited, *United States v. Howell*, 552 F.3d 709 (8th Cir. 2009), did not rule on whether a registered sex offender may be liable for failing to update his registration in a jurisdiction from which he has departed, but rather addressed venue for a prosecution under SORNA. After a

registered sex offender moved from Iowa to Texas, and then failed to update his registration within three days of arriving in Texas, *see* 42 U.S.C. § 16913(c), the government prosecuted him in Iowa. This court held that venue was proper in Iowa, because an offense begun in one district and completed in another may be prosecuted in the district "in which such offense was begun." 18 U.S.C. § 3237(a); *see Howell*, 552 F.3d at 718. The offender's act of travel began in Iowa, where he started his interstate journey to Texas, so the SORNA registration violation could be prosecuted in Iowa. *Howell*, 552 F.3d at 718.

It is true that the *Howell* opinion—after explaining that venue was proper in Iowa because the SORNA violation "commenced" there—added that the offender was "required by law" to notify the Iowa sex offender registry of his move to Texas, and that his failure to notify the Iowa registry "was a material part of the § 2250 violation." *Id*. It was undisputed, however, that the offender failed to register in Texas, *id.*, so a determination whether SORNA required him to update the registry in Iowa was not necessary to a conviction or to the court's decision on venue. The parties did not brief that question, and the court did not address the point after adversarial presentation. Under the circumstances, the court's comment that the offender was "required by law" to update the Iowa registry after moving to Texas was dicta that is not binding in a future case such as this one that squarely raises the issue under the federal statute.[3] *See Cent. Va. Cmty. Coll. v. Katz*, 546 U.S. 356, 363 (2006); *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 399 (1821) (Marshall, C.J.) ("It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go

---

[3]The offender in *Howell* was required by *Iowa law* to update the Iowa registry when he moved to Texas. *See* Iowa Code § 692A.3(4) (2007) ("A person required to register under this chapter shall notify the sheriff of the county in which the person is registered, within five days of changing residence to a location outside this state, of the new residence address and any changes in telephone number or name."), *repealed and replaced by* Iowa Code § 692A.104(5) (2009).

beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision."); *Passmore v. Astrue*, 533 F.3d 658, 660-61 (8th Cir. 2008).[4]

\*     \*     \*

For the foregoing reasons, the judgment of the district court is reversed, and the case is remanded with directions to dismiss the indictment.

_____

[4]The government also cites a footnote in *Voice* that expressed agreement with the Second Circuit's decision to affirm a jury instruction "that an updated registration is required if a sex offender leaves his registered residence with no intent to return." 622 F.3d at 875 n.2 (citing *Van Buren*, 599 F.3d at 172-75). *Voice* observed, however, that "no such instruction was requested in this case," *id.*, so the comment about *Van Buren* is plainly dicta. The court had no occasion to consider the application of SORNA to an offender who abandons a residence and immediately leaves the country.