McKAY, Circuit Judge,
concurring.
I concur with the panel’s opinion with regard to the nondelegation doctrine question. I also concur that, under these facts, our decision in United States v. Murphy, 664 F.3d 798 (10th Cir.2011), binds us with regard to the application of SORNA, and compels this court to determine that Kansas remained a “jurisdiction involved” under the Act even after Mr. Nichols abandoned his residence there. I write separately to express disagreement with the majority in Murphy, agreement with the dissent in Murphy by Judge Lucero, and my belief that consideration of this case by the full en banc court would be appropriate.
Judge Lucero’s interpretation of SOR-NA’s registration requirements accords with that of the Eighth Circuit in United States v. Lunsford, 725 F.3d 859 (8th Cir.2013). Lunsford held that an individual who abandons a residence in a jurisdiction covered by SORNA to move to a jurisdiction not covered by SORNA no longer resides in- a “jurisdiction involved” under the Act and therefore has no obligation to register. Id. at 861. I am persuaded by this reading of SORNA’s plain language, however, the majority opinion in Murphy currently controls this case, and I accordingly concur.