**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4250**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SAMUEL BAILEY, JR., a/k/a Samuel Bailey,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Thomas E. Johnston, District Judge.  (2:14-cr-00024-1)

Submitted:  January 27, 2015      Decided:  February 3, 2015

Before WILKINSON, GREGORY, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Harold Michael Vaught, HAROLD M. VAUGHT ATTORNEY AT LAW, Norwalk, California, for Appellant.  R. Booth Goodwin II, United States Attorney, Erik S. Goes, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Bailey, Jr., a sex offender subject to the requirements of the Sex Offender Registration and Notification Act ("SORNA"), entered a conditional plea of guilty to a charge of failing to register after he moved from West Virginia to Ohio. He appeals the district court's denial of his motion to dismiss the indictment, arguing that the Southern District of Ohio, in which he was required to register, is the proper venue for his prosecution.

This court reviews de novo a district court's venue determination. United States v. Jefferson, 674 F.3d 332, 364 (4th Cir. 2012). Venue lies in the state and district where the offense was "committed." U.S. Const. art. III, § 2, cl. 3; Fed. R. Crim. P. 18. Where, as here, the criminal statute does not contain an express venue provision, the court must determine proper venue by considering "the nature of the crime alleged and the location of the act or acts constituting it." United States v. Bowens, 224 F.3d 302, 308 (4th Cir. 2000) (internal quotation marks omitted).

A convicted sex offender's act of interstate travel both "serve[s] as a jurisdictional predicate for § 2250 [and] is also . . . the very conduct at which Congress took aim" in enacting the statute. Carr v. United States, 560 U.S. 438, 454 (2010). Bailey's offense necessarily involved more than one

2

district because it required interstate travel between West Virginia and Ohio. In this situation, venue is governed by 18 U.S.C. § 3237(a) (2012), which provides that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be . . . prosecuted in any district in which such offense was begun, continued, or completed."

Bailey's offense began when he moved from West Virginia, which gave rise to his obligation to register in Ohio, and was completed when he failed to register in Ohio. 42 U.S.C. § 16913(c) (2012). Because Bailey's offense commenced when he moved from the Southern District of West Virginia, venue there is proper. See United States v. Lewis, 768 F.3d 1086, 1090-94 (10th Cir. 2014) (holding that venue for § 2250 violation was proper in district from which defendant moved); United States v. Leach, 639 F.3d 769, 771-72 (7th Cir. 2011) (same); United States v. Howell, 552 F.3d 709, 717-18 (8th Cir. 2009) (same). Bailey's reliance on the Eighth Circuit's decision in United States v. Lunsford, 725 F.3d 859 (8th Cir. 2013), is misplaced as that decision does not address the issue of venue and is based on inapposite facts. See id. at 861-64 (holding no SORNA violation when defendant moved to foreign country and failed to update registration in district where he formerly resided).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED