LUCERO, Circuit Judge,
dissenting from the denial of rehearing en banc.
I dissent from the denial of rehearing en banc because a recent Eighth Circuit decision creates a circuit split regarding the applicability of SORNA’s notice provisions to offenders who leave the country. Compare United States v. Lunsford, 725 F.3d 859, 860 (8th Cir.2013), with United States v. Murphy, 664 F.3d 798, 799 (10th Cir.2011). I continue to hold the view that Murphy was incorrectly decided for the reasons stated in my dissent from that case. See id. at 804-08 (Lucero, J., dissenting). Correcting this circuit split is a matter of exceptional importance given the express purpose of Congress in enacting SORNA to remedy “a wide disparity among State registration requirements and notification obligations for sex offenders.” H.R.Rep. No. 109-218(1), at 23 (2005).
The facts of Lunsford and this case illustrate why our current jurisprudence runs directly against the stated intent of Congress. In both cases, the appellants moved directly from the Kansas City metropolitan area to the Philippines. Lunsford had lived in the Missouri side of the metropolis and was not required to update his Missouri registration to reflect his move out of the country. Lunsford, 725 F.3d at 860. But Nichols, who had lived just across the river in Kansas, was brought back to the United States and sentenced to prison for failing to update his Kansas registration. United States v. Nichols, 775 F.3d 1225, 1227 (10th Cir.2014). We have simply replaced a “wide disparity among State registration requirements” with a wide disparity among Circuit registration requirements. In doing so, we thwart the intent of Congress and needlessly complicate an already complicated law.
Additionally, I agree with Judge Gorsuch that the Constitution demands something more than an “intelligible principle” when Congress delegates-its power to define crimes to the executive branch agency charged with prosecuting those crimes. Moreover, I agree that it is questionable whether SORNA even includes an “intelligible principle” to guide the Attorney General’s discretion to apply SORNA’s provisions to pre-Act offenders. I would address this issue in en banc rehearing as well.