16-1429-cr
United States v. Holcombe

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2016

(Argued: June 19, 2017          Decided: February 23, 2018)

Docket No. 16-1429-cr

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.

THOMAS ABDUL HOLCOMBE,

*Defendant-Appellant*.

_____

Before:

JACOBS, LEVAL, and LOHIER, *Circuit Judges*.

Thomas Abdul Holcombe appeals from a judgment of conviction entered after a bench trial in the United States District Court for the Southern District of New York (Briccetti, *J.*) for failing to register as a sex offender, in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a). On appeal, Holcombe argues principally that venue was improper in the Southern District of New York and that SORNA's registration requirements are void for vagueness and violate his right to travel. We **AFFIRM**.

ROBIN CHRISTINE SMITH, Law Office of Robin C. Smith, Esq., P.C., San Rafael, CA, *for Defendant-Appellant.*

WON SHIN, Assistant United States Attorney (Margaret Garnett, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, Interim United States Attorney for the Southern District of New York, New York, NY, *for Appellee.*

LOHIER, *Circuit Judge*:

Thomas Abdul Holcombe, a sex offender subject to the requirements of the Sex Offender Registration and Notification Act (SORNA or the Act), was convicted after a bench trial in the United States District Court for the Southern District of New York (Briccetti, J.) of failing to update his registration when he moved from New York to Maryland. SORNA makes it a crime for a sex offender who is required to register under the Act and who "travels in interstate . . . commerce" to "knowingly fail[] to register or update a registration as required by [the Act]." 18 U.S.C. § 2250(a). The statute governing venue for crimes committed in more than one district, 18 U.S.C. § 3237(a), provides that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be . . . prosecuted in any district in which such offense was begun, continued, or completed." The principal

question before us is whether a SORNA offense "beg[ins]" and venue is proper in the federal district from which a state sex offender subject to SORNA travels interstate to reside in another district.

After determining that a defendant must travel interstate in order to violate Section 2250(a), and citing Section 3237(a), the District Court concluded that Holcombe's offense "beg[a]n" in the Southern District of New York (SDNY) and that venue was proper there because Holcombe traveled from the SDNY to Maryland. The District Court also rejected Holcombe's arguments that SORNA is void for vagueness and violates his constitutional right to travel, and summarily rejected a number of other arguments foreclosed by settled precedent. We **AFFIRM**.

## BACKGROUND

After pleading guilty in 1992 to attempted rape in the first degree under State law, Holcombe was required under SORNA to register as a sex offender and keep his registration current in any State where he resides. In 1996, while still in prison, Holcombe registered as a state sex offender in New York. He did so by completing a New York State Sex Offender Registration Form, on which he indicated that he would reside in Peekskill, New York (in the SDNY) after his

release and promised to notify his "local law enforcement agency" and the New York State Division of Criminal Justice Services "in writing of any change of home address within 10 days before" he moved. App'x 60.

Holcombe was released from prison in 1998. Thereafter, he drifted in and out of prison for committing various crimes, including failure to comply with his sex offender registration obligations. In April 2013 Holcombe left the Westchester County Jail (in the SDNY) and updated his address to a residence in Peekskill, New York (in the SDNY), where, it turns out, he never resided. Instead, he moved to Maryland, where he lived for at least eighteen months without updating his New York registration or registering as a sex offender in Maryland.

In May 2015 Holcombe was charged in the District Court for the SDNY with failing to register and update his registration as a sex offender as required by SORNA. After unsuccessfully moving to dismiss the indictment on various grounds, including that the SDNY was an improper venue, Holcombe proceeded with a bench trial on stipulated facts. The District Court convicted Holcombe of one count of knowingly failing to register and update his registration as required

by SORNA and sentenced him on April 27, 2016.  Holcombe completed his term of imprisonment on March 14, 2017.

This appeal followed.

**DISCUSSION**

SORNA "establishes a comprehensive national system for the registration of [sex] offenders."  34 U.S.C. § 20901.  The statute has requirements both for offenders who initially register and for those offenders who are already registered but need to update their registration.[1]  SORNA provides that anyone

---

[1] The registration provisions of the statute, 34 U.S.C. § 20913, state, in relevant part:

(a)  In general
A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student.  For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

(b)  Initial registration
The sex offender shall initially register—
(1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
(2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

(c)  Keeping the registration current
A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry.  That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

required to register under the Act who "travels in interstate . . . commerce . . . [and] knowingly fails to register or update a registration . . . shall be fined . . . or imprisoned not more than 10 years, or both."  18 U.S.C. § 2250(a).  Other SORNA provisions instruct jurisdictions to maintain sex offender registries that conform with the requirements of the Act, see 34 U.S.C. § 20912, and to provide registry information to "each jurisdiction from or to which a change of residence, employment, or student status occurs," 34 U.S.C. § 20923(b)(3).

Although Holcombe mounts several challenges to his conviction under SORNA, we focus on the three challenges that are not squarely foreclosed by precedent:  (1) whether venue was proper in the SDNY; (2) whether SORNA is void for vagueness; and (3) whether SORNA violates Holcombe's constitutional right to travel.  We review each of these legal questions de novo.  See United States v. Gundy, 804 F.3d 140, 145 (2d Cir. 2015).

1.    Venue

A criminal defendant must be tried in the district where the crime was committed.  U.S. Const. amend. VI; Fed. R. Crim. P. 18.  In determining where a crime was committed, we consider Section 3237(a), which governs venue.  That statute provides that an offense "begun in one district and completed in another,

or committed in more than one district, may be . . . prosecuted in any district in which such offense was begun, continued, or completed." Id.; see United States v. Lange, 834 F.3d 58, 68 (2d Cir. 2016) ("When a federal statute defining an offense does not specify how to determine where the crime was committed, the locus delicti must be determined from the nature of the crime alleged and the location of the act or acts constituting it." (quotation marks omitted)). Whether venue is proper in a particular district turns on the elements of the underlying crime and where the acts satisfying those elements occurred.

Holcombe stipulated that he left New York and moved to Maryland and then failed to register with Maryland authorities when he established a residence there, in violation of 34 U.S.C. § 20913(c). There is no question, therefore, that he "travel[ed] in interstate . . . commerce," 18 U.S.C. § 2250(a), an essential element of a SORNA violation for state sex offenders, see Carr v. United States, 560 U.S. 438, 454 (2010) ("The act of travel by a convicted sex offender may serve as a jurisdictional predicate for § 2250, but it is also . . . the very conduct at which Congress took aim."); see also Gundy, 804 F.3d at 141.

But where was his SORNA offense "begun"? The majority of our sister circuits that have addressed the issue have held that a SORNA offense begins

7

under Section 3237(a) in the district that the defendant leaves, not in the district where the defendant's interstate travel ends and in which the defendant ultimately fails to register. See United States v. Kopp, 778 F.3d 986, 988–89 (11th Cir. 2015); United States v. Lewis, 768 F.3d 1086, 1092–94 (10th Cir. 2014); United States v. Howell, 552 F.3d 709, 717–18 (8th Cir. 2009). We agree with this majority view because travel in interstate commerce is an essential element of a SORNA offense involving a state sex offender. The offense begins where the interstate journey begins, regardless of whether the defendant had already formed an intent to violate the statute when the interstate travel began. Holcombe's interstate journey began in the SDNY because his address when he was released from the Westchester County Jail was in the SDNY. (Moreover, the address he furnished to the authorities as his residential address upon his release from jail was also in the SDNY.)

The Eighth Circuit's decision in United States v. Lunsford, 725 F.3d 859 (8th Cir. 2013), on which Holcombe relies, is not to the contrary. Lunsford, which concerned whether SORNA required a sex offender to update his registration in the departure State upon leaving the United States for the Philippines, was not about venue. Instead, the Eighth Circuit resolved whether

8

the defendant's departure State remained a "jurisdiction involved" under SORNA. 725 F.3d at 861–62. The Eighth Circuit addressed venue under SORNA four years before Lunsford, in Howell, and there held that venue was proper in the departure jurisdiction "because an offense begun in one district and completed in another may be prosecuted in the district in which such offense was begun." Id. at 863 (quotation marks omitted) (citing Howell, 552 F.3d at 718).[2]

In agreeing with a majority of our sister circuits, we must respectfully disagree with the analysis in United States v. Haslage, 853 F.3d 331 (7th Cir. 2017). There, a split panel of the Seventh Circuit, relying almost entirely on the Supreme Court's intervening ruling in Nichols v. United States, 136 S. Ct. 1113 (2016), overturned its prior precedent in United States v. Leach, 639 F.3d 769, 771–72 (7th Cir. 2011), that venue in a SORNA prosecution is proper in the departure district. In view of Nichols, the majority concluded, venue in a SORNA prosecution is not proper in the district where the sex offender's interstate travel commenced because travel "is neither a distinct crime nor an

---

[2] Holcombe's reliance on United States v. Miller, No. 2:10-CR-196, 2011 WL 711090, at *5 (S.D. Ohio Feb. 22, 2011), is also unavailing. See Carr, 560 U.S. at 454.

9

element of the crime" and therefore is not "conduct that is part of the offense." 853 F.3d at 333, 335. For the reasons already stated, we think that interstate travel is an element of a SORNA offense where, as here, the defendant is a state sex offender.

We note, too, that Nichols did not address venue, and involved a defendant who was a federal sex offender, not, as here, a state sex offender. See 136 S. Ct. at 1116–17. A federal sex offender, unlike a state sex offender, does not need to travel interstate to commit a SORNA offense. See 18 U.S.C. § 2250(a)(2)(A). And insofar as the Seventh Circuit's Haslage decision held that interstate travel is not a SORNA element because the defendant need not have criminal intent while traveling across state lines, see 853 F.3d at 334, we have explained that venue turns on "where physical conduct occurred, and not where criminal intent was formed," United States v. Miller, 808 F.3d 607, 615 (2d Cir. 2015) (quotation marks omitted). Interstate travel requires a departure from one State just as much as arrival in another. See Haslage, 853 F.3d at 336, 338 (Sykes, J., dissenting).

## 2.    Void for Vagueness

SORNA requires a sex offender to "register[] and keep the registration current[] in each jurisdiction where the offender resides."  34 U.S.C. § 20913(a).  It defines "resides" as "the location of the individual's home or other place where the individual habitually lives."  Id. § 20911(13).  The Attorney General's National Guidelines for Sex Offender Registration and Notification provide that a sex offender "habitually lives" in a jurisdiction if he "lives in the jurisdiction for at least 30 days," but give each jurisdiction discretion to specify "the application of the 30-day standard to sex offenders whose presence in the jurisdiction is intermittent but who live in the jurisdiction for 30 days in the aggregate over some longer period of time."  73 Fed. Reg. 38,030, 38,062 (July 2, 2008).  Holcombe argues that SORNA is unconstitutionally vague because it fails to sufficiently define the term "resides."  Specifically, Holcombe asserts that the Attorney General's Guidelines improperly permit each jurisdiction to determine how the thirty-day statutory requirement is calculated.

We easily reject Holcombe's vagueness challenge.  Where, as here, First Amendment rights are not implicated, we evaluate such a challenge "in light of the specific facts of the case at hand" and not with regard to the facial validity of

11

the criminal statute or regulation at issue.  See United States v. Nadi, 996 F.2d 548, 550 (2d Cir. 1993).  We determine whether a statute is void for vagueness by considering whether it "define[s] the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."  Kolender v. Lawson, 461 U.S. 352, 357 (1983).

Had Holcombe lived in Maryland for a far shorter period of time, his argument might have been stronger.  Because Holcombe lived in Maryland for at least eighteen months, however, SORNA's use of the word "resides" is not void for vagueness in this case:  Holcombe was on fair notice that his continuous residence in Maryland for at least eighteen months easily satisfied the thirty-day requirement, however Maryland calculated it.  No one could read the statute and Guidelines and reasonably come away thinking that he did not need to update his registration after eighteen months.

3.    Right to Travel

Holcombe also argues that SORNA's registration requirements violate his constitutional right to travel.  "Although the Supreme Court has suggested that '[t]he textual source of the constitutional right to travel, or, more precisely, the

12

right of free interstate migration, . . . has proved elusive,'" Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 99 (2d Cir. 2009) (quoting Attorney Gen. of N.Y. v. Soto–Lopez, 476 U.S. 898, 902 (1986)), the Supreme Court has also stated that the Government may not unreasonably burden "the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." Saenz v. Roe, 526 U.S. 489, 500 (1999); see Shapiro v. Thompson, 394 U.S. 618, 629–30 (1969). Where a statute implicates the right to travel, it will be upheld only if it is found "to be necessary to promote a compelling governmental interest." Shapiro, 394 U.S. at 634.

As an initial matter, we are inclined to think that SORNA's registration requirements do not even implicate the fundamental right to travel because nothing in SORNA stops a sex offender from "enter[ing] [or] leav[ing] another State" if the offender chooses to permanently relocate. Saenz, 526 U.S. at 500. Moving from one State to another entails any number of registration requirements required by law that, while at times inconvenient, do not unduly infringe the right to travel. "The essential part of the charged crime in this matter

13

is the failure to register; [the] right to travel is incidental to this obligation, and not constitutionally offended." United States v. Shenandoah, 595 F.3d 151, 162–63 (3d Cir. 2010), abrogated on other grounds by Reynolds v. United States, 565 U.S. 432 (2012); see also Bacon v. Neer, 631 F.3d 875, 878 (8th Cir. 2011) ("Bacon is free to travel if he registers.").

And even assuming that SORNA's registration requirements implicate the right to travel, we conclude that the burdens imposed by the registration scheme narrowly serve the Government's compelling interest in addressing "the deficiencies in prior law that had enabled sex offenders to slip through the cracks." Carr, 560 U.S. at 455. "In other words, Congress wanted to make sure sex offenders could not avoid all registration requirements just by moving to another state." United States v. Guzman, 591 F.3d 83, 91 (2d Cir. 2010); see also United States v. Ambert, 561 F.3d 1202, 1210 (11th Cir. 2009) ("[T]he government's interest in protecting others from future sexual offenses and preventing sex offenders from subverting the purpose of the statute is sufficiently weighty to overcome the burden.").

For these reasons, SORNA's registration requirement does not violate Holcombe's right to travel.

4.    Remaining Challenges

Finally, Holcombe acknowledges that his claims based on the non-delegation doctrine, the Ex Post Facto Clause, the Commerce Clause, and the Tenth Amendment, as well as his argument that SORNA cannot be applied to him because New York has not yet implemented the statute, are all squarely foreclosed by Guzman, 591 F.3d 83.

## CONCLUSION

We have considered Holcombe's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.