# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-1187

_____

United States of America

*Plaintiff - Appellee*

v.

Mark Allen Banes

*Defendant - Appellant*

_____

No. 21-1188

_____

United States of America

*Plaintiff - Appellee*

v.

Mark Allen Banes

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: September 24, 2021
Filed: November 19, 2021
[Unpublished]

_____

Before SHEPHERD, WOLLMAN, and KOBES, Circuit Judges.

_____

PER CURIAM.

Mark Allen Banes was on supervised release when he was charged in the Southern District of Iowa with failure to register as a sex offender in violation of 18 U.S.C. § 2250 and escape from federal custody in violation of 18 U.S.C. § 751(a). After the district court denied his motion to dismiss the first charge for improper venue, Banes pleaded guilty to both charges and was sentenced to concurrent 60-month terms of imprisonment.[1] He was also sentenced to a consecutive 24-month term of imprisonment for violating the conditions of his supervised release.

_____

[1] The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, denied the motion to dismiss. The case was thereafter reassigned to the Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa, who imposed Banes's sentences.

Banes appeals the denial of his venue-based motion to dismiss the charge of failure to register as a sex offender. He also appeals all three sentences as substantively unreasonable. We affirm.

## I. Venue

In 2011, Banes pleaded guilty to failing to register as a sex offender and was sentenced to 60 months' probation. His terms of probation and supervised release were revoked four times due to violations. Banes's most recent term of supervised release began in July 2019; as a condition thereof, he resided at the Fort Des Moines Correctional Facility in Iowa.

Banes left the facility without permission in late October 2019 and traveled by bus to Oklahoma, where police arrested him four weeks later. Banes did not register as a sex offender in Oklahoma. After being charged with the above set forth counts, Banes moved to dismiss the failure to register count, arguing that venue was improper in Iowa because the offense conduct took place solely in Oklahoma. The district court concluded that venue was proper in Iowa because the offense required interstate travel and thus had begun in Iowa. We review *de novo* the denial of a motion to dismiss for improper venue. United States v. Howell, 552 F.3d 709, 712 (8th Cir. 2009).

The Sixth Amendment to the U.S. Constitution provides criminal defendants with the right to be tried "by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. If an offense is "begun in one district and completed in another," venue is proper "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). A violation under § 2250(a) for failure to register as a state sex offender has three elements: (1) the defendant is subject to the registration requirements under the Sex Offender Registration and Notification Act (SORNA); (2) the defendant "travels in interstate

or foreign commerce"; and (3) the defendant "knowingly fails to register." 18 U.S.C. § 2250(a); see also Carr v. United States, 560 U.S. 438, 446 (2010) (examining "the statute's three elements"). At issue here is whether a § 2250(a) violation begins in the state from which a sex offender departs when traveling in interstate commerce, which would make venue proper in that state.

We concluded in United States v. Howell that, because a state "sex offender violates SORNA only when he or she moves between states," the violation is begun in the state of origin, which is thus a proper venue under 18 U.S.C. § 3237(a). Howell, 552 F.3d at 718. Banes argues that the Supreme Court's subsequent holding in Nichols v. United States contradicts Howell. Venue was not at issue in Nichols, however, with the Court ruling only that SORNA does not require a sex offender to update his now-departed state's registry. Nichols v. United States, 136 S. Ct. 1113, 1118 (2016).

Banes argues that venue is not proper in the Southern District of Iowa because under Nichols he did not commit a violation by failing to update his registration in Iowa, and thus the violation occurred solely in Oklahoma.[2] Although this is our first case to address venue post-Nichols, we had reached the same holding as Nichols three years earlier. In United States v. Lunsford, we saw no contradiction between our holding in Howell and concluding that the failure to update the registry of the departed state is not a violation of SORNA. 725 F.3d 859, 863–64 (8th Cir. 2013).

_____

[2] Compare United States v. Haslage, 853 F.3d 331, 334 (7th Cir. 2017) (holding that venue is improper in the state of origin because "Nichols tells us that no criminal conduct even *begins* until she fails to register in [the destination state]"), with United States v. Lewallyn, 737 F. App'x 471, 473 (11th Cir. 2018) (per curiam) ("Nichols did not address venue, . . . and venue was proper [where the defendant] began his travel . . . ."), and United States v. Holcombe, 883 F.3d 12, 15–16 (2d Cir. 2018) (same), cert. denied, 140 S. Ct. 820 (2020).

We instead described venue as an independent issue. Id. at 864 ("[A] determination whether SORNA required [the defendant] to update the registry in Iowa was not necessary . . . to the court's decision on venue."). Nichols therefore does not represent an intervening change in law, and thus we are bound by our precedent in Howell. See United States v. Anderson, 771 F.3d 1064, 1066–67 (8th Cir. 2014). We conclude that venue in the Southern District of Iowa was proper because Banes's violation began when he began traveling in Iowa.

## II. Sentences for New Offenses

With respect to the failure to register and escape offenses, the district court concluded that the U.S. Sentencing Guidelines (Guidelines) advisory range was 37 to 46 months' imprisonment. The district court rejected Banes's request for a downward variance to 24 months' imprisonment and instead varied upward. We review substantive reasonableness under an abuse-of-discretion standard. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

Banes argues that his concurrent 60-month sentences are substantively unreasonable because the district court gave too little weight to his background, including his chaotic childhood, mental health issues, and lack of prior sex offender treatment. His childhood did receive significant weight, however, as the court cited it as a reason for not imposing the statutory maximum of 15 years' imprisonment. The court also considered that Banes had failed to undergo a required mental health evaluation or to take advantage of treatment opportunities provided by the probation office. Accordingly, the record reflects that the district court considered these and other mitigating factors in sentencing Banes. See United States v. King, 898 F.3d 797, 810 (8th Cir. 2018) ("The district court's decision not to weigh mitigating factors as heavily as [the defendant] would have preferred does not justify reversal." (internal quotation marks and citation omitted)).

We likewise reject Banes's contention that the court gave too much weight to his "offense conduct and inappropriate behavior while on supervised release." The court was required to consider "the history and characteristics of the defendant" and the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(C). Banes has repeatedly violated the terms of supervised release, and his recent conduct in soliciting nude pictures of underage girls and requesting sex with them demonstrates a continued willingness to act on his sexual interest in children. The district court did not abuse its discretion by giving these factors significant weight. See United States v. Roberts, 747 F.3d 990, 992 (8th Cir. 2014) ("[A] sentencing court has wide latitude to weigh the section 3553(a) factors in each case and assign some factors greater weight than others." (internal quotation marks and citation omitted)).

## III. Revocation Sentence

Banes stipulated to six violations of the conditions of his supervised release, and the district court found that he had committed two additional violations. The advisory Guidelines sentencing range was 24 to 30 months' imprisonment for the violations of supervised release. See U.S.S.G. § 7B1.4(a) (based on a Grade A violation and a criminal history category of IV).[3] As mentioned above, the district

---

[3] The district court stated that Banes's advisory sentencing range would be 18 to 24 months' imprisonment if he had only Grade B and C violations; this was error, as that would require Banes to have had a criminal history category of V at the time of his underlying offense. His criminal history category at that time was IV. Banes concedes, however, that he had a Grade A violation, so the correct sentencing range was 24 to 30 months' imprisonment. The actual sentence imposed—24 months' imprisonment—is within Banes's correct Guidelines range and adequately justified by the court, so this plain error in calculating the Guidelines range did not substantially affect the defendant's rights. See Fed. R. Crim. P. 52(b).

court sentenced Banes to 24 months' imprisonment, to be served consecutively to his 60-month sentences. We review the substantive reasonableness of a revocation sentence under the same abuse-of-discretion standard as an initial sentence, and a revocation sentence within the applicable Guidelines range is presumed to be reasonable. United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009).

Banes argues that, in light of his above-Guidelines sentence for the new offenses, his 24-month sentence for the revocation of his supervised release is unreasonable. He offers no legal authority in support of his position that consideration of the same factors in both sentences was improper. We have previously stated that a defendant's sentences for new offenses "can have no bearing on the reasonableness of his revocation sentence, because they are separate and distinct from it." United States v. Olson, 839 F. App'x 30, 32 (8th Cir. 2021) (per curiam) (rejecting defendant's argument that his revocation sentence was unreasonable because the sum of that sentence and sentences for new offenses exceeded the maximum revocation sentence); see also United States v. Watters, 947 F.3d 493 (8th Cir. 2020) (rejecting defendant's argument that his sentence for new offense was unreasonable because it did not vary downward in light of his revocation sentence based on the same facts). The district court did not abuse its discretion in considering the factors relevant to sentencing for revocation of Banes's supervised release.

The judgment is affirmed.

_____