[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 14, 2010
JOHN LEY
ACTING CLERK

No. 09-11528
Non-Argument Calendar

_____

D. C. Docket No. 07-00115-CR-1-TCB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY JOEL BEASLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 14, 2010)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Jimmy Joel Beasley appeals his conviction under 18 U.S.C. § 2250(a) for

failing to register as a sex offender in Georgia, in accordance with the Sex Offender Registration and Notification Act ("SORNA").[1] On appeal, Beasley challenges the validity and applicability of SORNA on various grounds.[2] We find no merit to any of Beasley's contentions, because his arguments are foreclosed by prior panel precedent.

First, contrary to Beasley's argument, Georgia's failure to implement SORNA did not affect Beasley's duty to register as a sex offender for purposes of SORNA. *See United States v. Brown,* No. 08-17244, manuscript op. at 13 (11th Cir. Nov. 5, 2009) (an individual may "comply with SORNA's registration requirements by registering through the state's sex offender registry, even if that jurisdiction has not implemented SORNA's administrative procedures"); O.C.G.A. § 42-1-12 (e)(6). Second, SORNA does not violate the *ex post facto* clause, because, although Beasley traveled to Georgia in the gap period between

---

[1] Beasley was convicted of a sex offense in Mississippi in 1985 and was sentenced to 15 years in prison and required to register as a sex offender for life. After his release from prison in 2002, he registered as a sex offender in Jackson County, Mississippi. He traveled to Georgia in January 2007 and did not register as a sex offender. On March 8, 2007, after a warrant was issued for his arrest in Jackson County, U.S. Marshals arrested Beasley in DeKalb County Georgia, where he was working for a carnival.

[2] Beasley filed a motion to dismiss his indictment with the district court on the same grounds he raises in this appeal. The district court denied that motion. Beasley subsequently pled guilty and accepted a plea agreement but reserved the right to appeal the denial of his motion to dismiss for constitutional violations. We review a district court's denial of a motion to dismiss an indictment for abuse of discretion. *United States v. Seher*, 562 F.3d 1344, 1356 (11th Cir. 2009). However, we review de novo "issues concerning statutory interpretation and constitutional law." *United States v. Ambert*, 561 F.3d 1202, 1205 (11th Cir. 2009).

2

SORNA's enactment in 2006 and the Attorney General's February 28, 2007 determination that SORNA applies retroactively, Beasley's duty to register in Georgia arose on March 5, 2007, after the Attorney General's announcement that SORNA applies retroactively. *See United States v. Dumont*, 555 F.3d 1288 (11th Cir. 2009) *cert. denied*, 130 S.Ct. 66 (2009). Third, the Attorney General's retroactive application of SORNA does not violate the non-delegation doctrine. *See United States v. Ambert*, 561 F.3d 1202, 1205 (11th Cir. 2009). Fourth, Beasley's SORNA conviction did not violate his procedural due process rights, *see Brown*, No. 08-17244, manuscript op. at 17, or his substantive due process rights, *see Ambert*, 561 F.3d at 1208-09. Finally, SORNA's registration requirement and penalty provision constitute a proper exercise of Congress's Commerce Clause power. *See Ambert*, 561 F.3d at 1210-12.

**AFFIRMED.**