[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 28, 2011
JOHN LEY
CLERK

_____

No. 09-11528
Non-Argument Calendar

_____

D. C. Docket No. 07-00115-CR-1-TCB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY JOEL BEASLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 28, 2011)

**ON REMAND FROM THE UNITED
STATES SUPREME COURT**

Before BARKETT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Jimmy Joel Beasley appealed his conviction under 18 U.S.C. § 2250(a) for failing to register as a sex offender in Georgia under the Sex Offender Registration and Notification Act ("SORNA"). This Court affirmed his conviction based on prior precedent. United States v. Beasley, 361 F. App'x 86 (11th Cir. 2010). However, the Supreme Court granted Beasley's petition for writ of certiorari, vacated the judgment, and remanded Beasley's appeal for reconsideration in light of Carr v. United States, 560 U.S. __, 130 S. Ct. 2229 (2010). Beasley v. United States, 131 S. Ct. 79 (2010).

Beasley's claim is that § 2250(a) is inapplicable to his failure to register in Georgia when he moved there from Mississippi in January 2007 because he moved to Georgia before an interim rule first rendered SORNA applicable to him.

**Discussion**

In passing SORNA, Congress sought to standardize the varied state sex-offender registries and enhance their effectiveness. See Carr, 130 S. Ct. at 2232. Under, § 2250(a), one who "(1) is required to register under [SORNA,] (2) . . . travels in interstate or foreign commerce . . . [,] and (3) knowingly fails to register" in the new state is eligible for up to ten years in prison for violating SORNA. Id. In Carr, the Supreme Court clarified that these three elements must be met in sequence. 130 S. Ct. at 2236. Thus, a defendant violates § 2250(a) only if he

2

"becomes subject to SORNA's registration requirements . . . [and] <u>thereafter</u> travels and <u>then</u> fails to register." <u>Id.</u> at 2236 (emphasis supplied). In so holding, the Court rejected the argument that the first element is met when a defendant is convicted of the underlying sex offense regardless of when SORNA became applicable to him. <u>Id.</u> at 2235. Because the defendant in <u>Carr</u> traveled before SORNA took effect, Carr could not have been "required to register" under the plain meaning of § 2250(a).

In this case, Beasley was convicted of a state sex offense in Mississippi in 1985. Under Mississippi law, he maintained a current state registration through 2006. He then moved to Georgia in January 2007 and did not register in Georgia. His move to Georgia took place between the July 2006 enactment of SORNA and the February 2007 Attorney General opinion rendering SORNA applicable to him. <u>See</u> <u>United States v. Madera</u>, 528 F.3d 852, 857-59 (11th Cir. 2008) (holding that SORNA became applicable to offenders with convictions predating SORNA only after the Attorney General's February 2007 opinion).[1] Although he had not

---

[1] Congress enacted SORNA in July 2006 but did not specify whether it applied to offenders whose convictions predated enactment. <u>See</u> Adam Walsh Child Protection and Safety Act of 2006, Tit. I, Pub. L. 109–248, 120 Stat. 590 (codified at 42 U.S.C. §§ 16901 et seq.). However, the statute delegated to the Attorney General authority to "specify the applicability of [SORNA] to sex offenders convicted before [July 27, 2006]." 42 U.S.C. § 16913(d). On February 28, 2007, the Attorney General issued an interim rule determining that SORNA's registration requirements would apply to those whose relevant convictions pre-dated SORNA. <u>See</u> Applicability of the Sex Offender Registration and Notification Act, 72 Fed. Reg. 8894, 8896 (Feb. 28 2007) (to be codified at 28 C.F.R. § 72.3).

traveled since SORNA became applicable to him, Beasley was prosecuted under § 2250(a).

We relied on United States v. Dumont, 555 F.3d 1288 (11th Cir. 2009), to reject Beasley's claim. Carr overruled Dumont to the extent that Dumont suggests that § 2250(a)'s elements do not have to be met in sequence. See Carr, 130 S. Ct. at 2234 n.1; Dumont, 555 F.3d at 1292. Carr makes clear that the travel must occur after the defendant becomes subject to SORNA.

In light of Carr, we reverse Beasley's conviction because he was not subject to SORNA's registration requirements when he traveled to Georgia and did not register. As the government concedes, Beasley did not meet the elements of § 2250(a) in sequence, as the statute requires under Carr. Accordingly, we vacate Beasley's conviction and remand for further proceedings.[2]

**VACATED** and **REMANDED**.

---

[2] Having vacated Beasley's conviction on statutory grounds, we need not and do not reach his constitutional challenge to the statute.