[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 14-12408, 14-13521
_____

D.C. Docket No. 1:12-cr-00269-RWS-JFK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus


MATHIAS THOMAS KOPP,

Defendant-Appellant.


_____

Appeals from United States District Court
for the Northern District of Georgia
_____
(February 18, 2015)

Before WILLIAM PRYOR and JORDAN, Circuit Judges, and HAIKALA,[*]
District Judge.

---

[*] Honorable Madeline Hughes Haikala, United States District Judge for the Northern District of
Alabama, sitting by designation.

WILLIAM PRYOR, Circuit Judge:

These consolidated appeals require us to decide where venue lies for the prosecution of a sex offender who moved across state lines, but failed to update his registration, 18 U.S.C. § 2250(a), and whether the offender's sentence for violating the terms of his supervised release is substantively reasonable. After registering as a sex offender in the Northern District of Georgia, Mathias Kopp moved to Daytona Beach, Florida, where he failed to update his registration. A grand jury then indicted Kopp in the Northern District of Georgia for failure to register as a sex offender. Kopp moved to dismiss the indictment for improper venue, but the district court denied his motion. Kopp then conditionally pleaded guilty. Kopp later violated his supervised release, and the district court sentenced him to 16 months of imprisonment, which was six months above his Sentencing Guidelines range and four months below the statutory maximum. We affirm both the denial of Kopp's motion to dismiss his indictment and the sentence imposed following the revocation of his supervised release.

## I. BACKGROUND

In 2002, a court in Hungary convicted Kopp for "Rape of an Individual Not Older Than Twelve." Kopp, who is an American citizen, requested a transfer under the Convention on the Transfer of Sentenced Persons, Council of Europe, Art. 10, Mar. 21, 1983, 35 U.S.T. 2867. *See* 18 U.S.C. § 4105. After Kopp returned to the

2

United States, the United States Parole Commission required him to serve his prison sentence of seven years, eight months, followed by a term of 36 months of supervised release, *see* 18 U.S.C. § 4106A.

While Kopp was still imprisoned, the Federal Bureau of Prisons certified him as a sexually dangerous person required to register as a sex offender under the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§ 16901–16991. Kopp began his term of supervised release in the Northern District of Georgia. Kopp's probation officer directed him to complete a sex offender registration, *id.* §§ 16911–16929, and Kopp updated his registration in Georgia until December 2011.

In 2012, Kopp removed the electronic monitoring device that he wore as a condition of his supervised release and left the halfway house in Georgia where he resided. About a month later, police officers encountered Kopp in Daytona Beach, Florida. Kopp gave them a false name and informed the police that he was living in a local homeless shelter. When the police later arrested Kopp for trespassing, he again asserted that he resided at a homeless shelter in Daytona Beach. Kopp never registered as a sex offender in Florida, nor did he inform authorities in Georgia that he was moving to Florida.

Kopp was taken to the Northern District of Georgia, where he was indicted for failure to register as a sex offender, 18 U.S.C. § 2250(a). Kopp moved to

dismiss the indictment for improper venue. He argued that venue did not lie in Georgia because he failed to register in Florida, not Georgia. The district court denied the motion. Kopp signed a plea agreement but reserved the right to appeal the ruling about venue. The district court sentenced Kopp to 18 months of imprisonment followed by three years of supervised release.

In October 2013, Kopp began his supervised release for his conviction for failing to register as a sex offender. As a condition of his release, he was required to remain in a halfway house, Dismas Charities. In December 2013, Kopp admitted that he failed to remain at Dismas Charities. For that violation, the district court sentenced him to a four month prison term followed by the remaining 26 months of supervised release. In March 2014, Kopp returned to Dismas Charities to continue his supervised release. In May, after being tested for alcohol, Kopp took several items from his locker, left through an emergency exit, and failed to report his whereabouts. Kopp was arrested weeks later.

The government petitioned the district court to revoke Kopp's supervised release. Kopp admitted the violation. The parties stipulated that the appropriate Sentencing Guidelines range for Kopp's violation was 4 to 10 months, and that the statutory maximum was 20 months. The district court granted the petition to revoke and sentenced Kopp to a prison term of 16 months. We consolidated

4

Kopp's appeals of his conviction for failing to register as a sex offender and his sentence on revocation of his supervised release.

## II. STANDARDS OF REVIEW

These appeals are governed by two standards of review. We review *de novo* the legal sufficiency of the allegations in an indictment. *United States v. York*, 428 F.3d 1325, 1331 n.8 (11th Cir. 2005). We review for abuse of discretion whether a district court imposed a substantively unreasonable sentence. *United States v. Pugh*, 515 F.3d 1179, 1190–91 (11th Cir. 2008).

## III. DISCUSSION

We divide our discussion in two parts. First, we explain that venue was proper because Kopp began his crime in Georgia. Second, we explain that Kopp's sentence for failing to comply with the terms of his supervised release is substantively reasonable.

### A. Venue Was Proper in Georgia.

Kopp argues that he failed to register as a sex offender in Florida, which makes venue proper only in Florida, *see* Fed R. Crim. P. 18, but we disagree. Under the Sixth Amendment, a defendant has a right to a trial by "an impartial jury of the state and district wherein the crime shall have been committed." U.S. Const. Amend. VI. Kopp's crime includes as an element "travel[] in interstate . . . commerce," 18 U.S.C. § 2250(a)(2)(B), which Kopp began in Georgia. Where a

5

federal statute does not "expressly provide[]" for venue, the crime may be prosecuted in "any district" where the crime was "begun, continued, or completed." *Id*. § 3237(a). The statute that Kopp violated, *id*. § 2250, does not provide for venue, so Kopp may be prosecuted in any district where he "beg[a]n, continued, or completed" the crime, *id*. § 3237(a).

Kopp "beg[a]n" his crime in Georgia because his interstate journey started there. Section 2250 provides criminal penalties for anyone subject to the registration requirements of the Sex Offender Registration and Notification Act, 42 U.S.C. §§ 16911–16929, who "travels in interstate . . . commerce" and then "knowingly fails to register or update [their] registration as required by the [Act]." 18 U.S.C. § 2250(a). To keep his registration current, a sex offender must, "not later than 3 business days after each change of name, residence, employment, or student status," inform the relevant jurisdiction of his change in status. 42 U.S.C. § 16913(c); *see also United States v. Beasley*, 636 F.3d 1327, 1329 (11th Cir. 2011). Kopp does not dispute that he traveled from Georgia to Florida in interstate commerce and then failed to update his registration. Because travel in interstate commerce is an element of the offense, Kopp "beg[a]n" his crime in Georgia, 18 U.S.C. § 3237(a).

Kopp argues that because the elements of a violation of section 2250 must occur "in sequence," *Beasley*, 636 F.3d at 1329, the crime was committed only in

6

Florida. Kopp cites *United States v. Miller*, where a district court concluded that "[i]nterstate travel is an element of this particular crime only because it is needed to properly invoke Congress's Commerce Clause authority," and so the requirement of "interstate travel is more like a condition precedent than an essential element of the crime." No. 2:10–CR–196, 2011 WL 711090, at *5, (S.D. Ohio Feb. 22, 2011). In *Miller*, the district court ruled that the "criminal act itself takes place entirely within the district where the offender had a duty to register [but] failed to do so." *Id*. We reject this argument.

*Miller* is unpersuasive. The Supreme Court has explained that "[t]he act of travel by a convicted sex offender may serve as a jurisdictional predicate for [section] 2250, but it is also . . . the very conduct at which Congress took aim." *Carr v. United States*, 560 U.S. 438, 454, 130 S. Ct. 2229, 2240 (2010). Because the crime consists of both traveling and failing to register, Kopp began his crime in Georgia and consummated it in Florida. Like our sister circuits that have addressed the issue, we hold that section 3237 applies, and venue lies in Georgia. *See United States v. Lewis*, 768 F.3d 1086, 1092–94 (10th Cir. 2014); *United States v. Lunsford*, 725 F.3d 859, 863 (8th Cir. 2013) (citing *United States v. Howell*, 552 F.3d 709 (8th Cir. 2009)); *United States v. Leach*, 639 F.3d 769, 771–72 (7th Cir. 2011).

*B. Kopp's Sentence for Violating His Supervised Release Is Substantively Reasonable.*

When it revoked Kopp's supervised release, the district court did not sentence him "outside the range of reasonable sentences," *Pugh*, 515 F.3d at 1191, by varying upward from the guideline range by six months. Kopp has a long and violent history of crime. In 1981, he was convicted of raping a woman at gunpoint, and within three years of being released from prison, he raped a child in Hungary. He has also committed other serious crimes, including trespassing and breaking and entering, and twice violated his supervised release after he failed to register as a sex offender. The district court explained that Kopp had failed to abide by the conditions of his supervised release; that the crimes that Kopp had committed made him a potential threat to public safety; and that there must be "consequence[s]" to deter him because, even after any period of supervised release, Kopp would again have to register as a sex offender. The district court did not commit a "clear error of judgment," *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009), when it weighed the applicable factors and imposed a sentence of 16 months of imprisonment.

## IV. CONCLUSION

We **AFFIRM** Kopp's conviction for failure to register as a sex offender and his sentence for failing to comply with the terms of his release.

WILLIAM PRYOR, Circuit Judge, concurring:

Not surprisingly, I concur in full, but I write separately because I would hold that venue was proper in Georgia on an alternative ground too. Kopp's crime was a "continuing offense," 18 U.S.C. § 3237(a), subject to prosecution anywhere that Kopp traveled. Any offense that involves "transportation in interstate . . . commerce" is a "continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce . . . moves." *Id*. Section 2250 requires that a defendant "travel[] in interstate . . . commerce," *id*. § 2250, so a violation is a continuing offense. Accordingly, Kopp can be prosecuted in Georgia under either provision of section 3237(a).