[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15812
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00088-KD-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH PAUL DEMARCO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(December 14, 2015)

Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Joseph DeMarco appeals his conviction for failing to register or update

his registration as a sex offender between March 2012 and March 2013, as required

under the Sex Offender Registration and Notification Act, 42 U.S.C. § 16901, *et seq.* 18 U.S.C. § 2250(a). DeMarco challenges the sufficiency of the evidence and the denial of his request for a jury instruction on the defense of uncontrollable circumstances. DeMarco also argues, for the first time, that he was entitled to a unanimity instruction because the government made his indictment duplicitious by presenting evidence that he failed to update his registration in Alabama and that he failed to register in Louisiana. We affirm.

Ample evidence supports DeMarco's conviction. DeMarco was convicted in an Alabama court of first degree sexual abuse involving sexual contact of a child and was subject to criminal penalties if he "travel[ed] in interstate . . . commerce" and "knowingly fail[ed] to register or update his registration as required by the . . . Act." *See id.* Testimony from detectives in Alabama and in Louisiana and from DeMarco's coworkers in Louisiana proved that DeMarco failed to keep his registration current by notifying "each jurisdiction where [he] reside[d] [and] where [he was] an employee," 42 U.S.C. § 16913(a), within "3 business days after each change of name, residence, [or] employment," *id.* § 16913(c). *See United States v. Kopp*, 778 F.3d 986, 988 (11th Cir. 2015). DeMarco received notice of the three-day requirement in 2011. On April 26, 2012, he filed a registration form, which declared that he lived at 6256 Cushla Oaks Drive East in Mobile and worked in Mississippi. But he failed to notify authorities in Alabama or Louisiana

that, between February 2012 and August 2012, he worked on several tow boats in Louisiana and allowed a new tenant to occupy the Cushla Oaks residence. A detective in Alabama testified that in April 2012 he instructed DeMarco to register with the sheriff's office in each county or parish where he worked. The jury reasonably found that DeMarco had traveled in interstate commerce and knowingly failed to update his registration to reflect changes in his employment and residence.

DeMarco argues, for the first time, that he was entitled to a unanimity instruction requiring the jury to find him guilty of one distinct act because the government made his indictment duplicitious by presenting competing legal theories that he failed to update his registration in Alabama and that he failed to register in Louisiana. We review this issue for plain error. Under that standard, DeMarco must prove there was an error that was plain, that affected his substantial rights, and that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Sperrazza*, 804 F.3d 1113, 1126 (11th Cir. 2015).

The district court did not plainly err in failing *sua sponte* to give a unanimity instruction. The government argued consistently in its opening and closing remarks and in rebuttal to DeMarco's closing remarks that DeMarco "knowingly failed to update his registration" to reflect changes in his employment

3

and residence. Consistent with that theory, the evidence proved that DeMarco's continuing offense "beg[a]n" in Alabama, where DeMarco had registered with authorities and started "his interstate journey," and continued as he traveled through interstate commerce to and worked in Louisiana for four tow boat companies without updating his registration to reflect the change in his location. *See Kopp*, 778 F.3d at 988. DeMarco fails to identify any controlling authority that required the district court to give a unanimity instruction in this circumstance.

DeMarco argues that he was entitled to have the jury instructed that uncontrollable circumstances impeded him from complying with the registration requirements, but the district court did not abuse its discretion by refusing to give the requested instruction. "A defendant has the right to have the jury instructed on a theory of defense only if the proposed instruction presents a valid defense and if there has been some evidence adduced at trial relevant to that defense." *United States v. Duperval*, 777 F.3d 1324, 1334 (11th Cir. 2015) (internal quotation marks, citation, and brackets omitted). "In a prosecution for a violation [of a failure to register or update a registration], it is an affirmative defense that uncontrollable circumstances prevented the individual from complying." 18 U.S.C. § 2250(b)(1). DeMarco argues that he "would immediately board a boat" and when he disembarked "his employment had concluded and he had nothing to report," but DeMarco's coworkers testified that DeMarco was onshore periodically and could

4

have updated his registration. Adam Morris testified that DeMarco worked onboard a tow boat from March 12 to March 27, but he first visited Morris's office in Louisiana for orientation. Gerald Humphreys of Abe's Boat Rental testified that DeMarco worked on two ships during July and August of 2012 and that he was scheduled to work 14 days offshore and 7 days onshore in Louisiana. And Greg Lasseigne of K&K Offshore testified that DeMarco was employed for 25 days and that his boat would have been moored to the dock at least once for him to disembark. The district court reasonably determined that DeMarco's employment did not create an uncontrollable circumstance that prevented him from updating his registration.

We **AFFIRM** DeMarco's conviction.