[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12162
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cr-00006-WCO-JCF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY MICHAEL LEWALLYN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 5, 2018)

Before WILLIAM PRYOR, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Anthony Michael Lewallyn, who pleaded guilty to failing to register as a sex offender in violation of the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250, appeals the denial of his motion to dismiss his indictment. Lewallyn argues, based on *Nichols v. United States*, 136 S. Ct. 1113 (2016), that the venue for his offense was in a district of North Carolina, where he last resided and failed to register as a sex offender, instead of the Northern District of Georgia, where he began his interstate travel. Because *Nichols*, which addressed where a federal sex offender must update his registration, does not overrule or abrogate *United States v. Kopp*, 778 F.3d 986 (11th Cir. 2015), which holds that a sex offender whose crime includes interstate travel as an element can be prosecuted in any district where his "crime was 'begun, continued, or completed.'" *id.* at 988 (quoting 18 U.S.C. § 3237(a)), we affirm.

## I. BACKGROUND

In 1990, a jury in Georgia convicted Lewallyn of two counts of child molestation and one count of aggravated child molestation. Lewallyn received a sentence of 20 years of imprisonment and 10 years of probation. In 2010, Lewallyn began his term of probation and registered in Georgia as a sex offender. He kept his registration current through January 2013.

In April 2013, Lewallyn failed to report to his probation officer and a warrant issued for his arrest. Later, agents of the United States Marshals Service

received a tip regarding Lewallyn's location. On August 5, 2015, federal agents arrested Lewallyn in Cumberland County, North Carolina, where he was living under an assumed name.

In February 2016, Lewallyn was charged in the Northern District of Georgia for failing to register and update his registration under the Sex Offender Registration Act. 18 U.S.C. § 2250(a). Lewallyn moved to dismiss his indictment for improper venue and argued that, under *Nichols*, 136 S. Ct. 1113, he could be prosecuted only in the district of North Carolina where he had failed to register. The district court denied Lewallyn's motion and determined that *Kopp*, 778 F.3d 986, made venue proper in the district of Georgia where Lewallyn began his travel in interstate commerce before completing his offense of failing to register in North Carolina. *See* 18 U.S.C. 3237(a).

Lewallyn entered an unconditional plea of guilty to failing to register and update his registration under the Sex Offender Registration Act. During sentencing, Lewallyn asked "to preserve . . . for the record" that he had "file[d] a pretrial motion . . .  arguing that venue would be more appropriate in North Carolina." After the district court sentenced Lewallyn to 15 months of imprisonment, he reasserted his "objection to the venue jurisdictional issue in this case."

3

Lewallyn appealed, and the government moved for summary disposition on the ground that Lewallyn's unconditional guilty plea waived his right to challenge venue. We denied the motion for summary disposition. Because the government does not raise the issue of waiver in its response brief, we do not address that issue.

## II. STANDARD OF REVIEW

We review *de novo* the denial of a motion to dismiss an indictment for improper venue. *Kopp*, 778 F.3d at 988.

## III. DISCUSSION

Lewallyn argues that *Nichols* abrogated *Kopp* and that venue was appropriate only in North Carolina, where he resided and failed to register as a sex offender. The government responds that because *Nichols* did not address venue, we are bound by *Kopp*, and venue was proper in the Northern District of Georgia where Lewallyn began his travel to North Carolina. We agree with the government.

In *Kopp*, we held that venue for a violation of the Sex Offender Registration Act can lie in the district of departure. 778 F.3d at 988–89. Kopp violated the Act by moving from Georgia, where he was registered as a sex offender, to Florida without notifying authorities of his relocation. *Id.* at 987. After Kopp was indicted in Georgia for failing to register as a sex offender, he moved, without success, to dismiss his indictment for improper venue. *Id.* Kopp entered a conditional plea of

4

guilty to violating the Act, reserved the right to challenge the denial of his motion to dismiss, and appealed that adverse ruling. *Id.* at 987–88. We held that the Act did "not 'expressly provide[]' for venue," so Kopp's offense could be "prosecuted in 'any district' where [that] crime was 'begun, continued, or completed.'" *Id.* at 988 (quoting 18 U.S.C. § 3237(a)). Because travel in interstate commerce was an element of Kopp's crime, *id.* at 988–89 (discussing *Carr v. United States*, 560 U.S. 438, 454 (2010)), and he "began his crime in Georgia," we concluded that venue was proper in a district of that state. *Id.*

In *Nichols*, the Supreme Court held that the Act does not require a sex offender to update his registration in a state where he no longer resides. 136 S. Ct. at 1118. The Court grounded its decision in the plain text of the Act, which requires a sex offender to "register and keep the registration current[] in each jurisdiction where [he] resides, . . . is an employee, and . . . is a student," 42 U.S.C. § 16913(a), and within "3 business days after each change of . . . residence . . . [to] appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required . . . in the sex offender registry," *id.* § 16913(c). The Court concluded that the use of the present tense "resides" meant "that once Nichols moved to Manila, [in the Philippines,] he was no longer required to appear in Kansas[, his state of departure,] to update his registration, for Kansas was no longer a 'jurisdiction involved' pursuant to

5

subsection (a)' of § 16913." *Id.* at 1117. The Court also found that "[t]he requirement in § 16913(c) to appear in person and register . . . '*after* each change of residence' point[ed] to the same conclusion" because "Nichols could not have appeared . . . in Kansas 'after' leaving the State." *Id.* at 1117–18.

*Nichols* addresses an issue different from the issue resolved in *Kopp*. *Nichols* means that Lewallyn was not required to update his registration in Georgia after he moved to North Carolina. As the district court explained, *Nichols* "in no way considered or ruled on the issue of where a trial should be held when a registered sex offender leaves a district and fails to register in another district that *is* an "involved jurisdiction' for purposes of SORNA." *Nichols* does not prevent the United States from prosecuting Lewallyn for violating the Act by traveling in interstate commerce and failing to register in North Carolina.

Another crucial distinction lies in the different elements required to prove that federal and state sex offenders have violated the Act. The Act punishes a person who fails to register (A) when he is required to do so and "is a sex offender . . . by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States[] *or* (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country[.]" 18 U.S.C. § 2250(a) (emphasis added). As the Supreme Court stated in *Carr*, the Act includes

6

interstate travel as an "element" of the crime of a state sex offender, 18 U.S.C. § 2250(a)(2)(B), and omits "interstate travel . . . [as] a prerequisite to § 2250 liability" for a federal sex offender, *id.* § 2250(a)(2)(A). 560 U.S. at 446 & n.3.

The offenders in *Nichols* and *Kopp* committed different acts that subjected them to liability under the Act. On the one hand, Nichols violated the Act by failing to register when he was required to do so due to his federal conviction for "traveling with intent to engage in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b)," *Nichols*, 136 S. Ct. at 1116–17. On the other hand, the offender in *Kopp*, who was certified as a sex offender by the Federal Bureau of Prisons, 778 F.3d at 987, had to "travel in interstate commerce [as] an element of [his] offense," *id.* at 988. As in *Kopp*, Lewallyn was required to register due to his state conviction and had to travel interstate to violate the Act. *See* 18 U.S.C. § 2250(a)(2)(B).

The Second Circuit Court of Appeals also has concluded that *Nichols* "did not address venue." *United States v. Holcombe*, 883 F.3d 12, 16 (2018). The court in *Holcombe* decided that the venue for prosecution under the Act presents a question different from where the sex offender is required to register. *Id.* Consistent with our decision in *Kopp* and with the decisions of our sister circuits in *United States v. Lewis*, 768 F.3d 1086, 1092–94 (10th Cir. 2014), and *United States v. Howell*, 552 F.3d 709, 717–18 (8th Cir. 2009), the Second Circuit

7

concluded that, because the defendant was a state sex offender and interstate travel was an element of his crime, venue was proper in New York, where he began his travel to Maryland, where he failed to register. 883 F.3d at 15–16.

Lewallyn bases his argument for reversal on *United States v. Haslage*, 853 F.3d 331 (7th Cir. 2017), but that decision conflicts with *Carr* and *Kopp*. In *Haslage*, the Seventh Circuit interpreted *Nichols* to require that no "conduct that is part of the offense" of failing to register can occur in the district where the offender begins his move because "interstate travel is neither a distinct crime *nor an element of the crime*." *Id.* at 333, 336 (emphasis added). But as Judge Sykes highlighted in her dissenting opinion, *id.* at 336–38, the Supreme Court in *Carr* identified interstate travel as an "element" of the crime for state sex offenders, 560 U.S. at 446, and we did the same in *Kopp*.

We are bound by *Kopp*. "Under the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court." *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (internal quotation marks and citation omitted). *Kopp* has not been overruled by *Nichols* or by an en banc panel of this Court. And "even if we thought [*Kopp*] wrong, the prior panel precedent rule is not dependent upon a subsequent panel's appraisal of the initial decision's correctness." *Smith v. GTE Corp.*, 236 F.3d 1292, 1301–02 (11th Cir. 2001) (alteration adopted). *Kopp* "is the

law of this Circuit," *id.* at 1302, about where venue lies to prosecute a state sex offender for violating the Act.

The district court did not err by denying Lewallyn's motion to dismiss for lack of venue. Lewallyn, as a state sex offender, was liable under the Act for traveling in interstate commerce and knowingly failing to update his registration in North Carolina, 18 U.S.C. § 2250(a), and he was subject to prosecution in "any district in which [his] offense was begun, continued, or completed," *id.* § 3237(a). *See Kopp*, 778 F.3d at 988–89. Venue was proper in Georgia, where Lewallyn began the offense that he completed by failing to register in North Carolina.

## IV. CONCLUSION

We **AFFIRM** Lewallyn's conviction.

9