**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 18-4099

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHARLES MALCOLM SPIVEY, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Malcolm J. Howard, Senior District Judge.  (7:17-cr-00029-H-1)

Argued:  January 28, 2020                     Decided:  April 15, 2020

Before FLOYD, HARRIS, and RUSHING, Circuit Judges.

Affirmed by published opinion.  Judge Floyd wrote the opinion in which Judge Harris and Judge Rushing joined.

**ARGUED:**  Eric Joseph Brignac, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Phillip Anthony Rubin, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** G. Alan DuBois, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

FLOYD, Circuit Judge:

This appeal requires us to answer the following question: when a state sex offender subject to the Sex Offender Registration and Notification Act (SORNA) relocates from one state to another and fails to update his registration in violation of 18 U.S.C. § 2250(a), in which judicial district(s) is venue proper?

The Defendant-Appellant, Charles Malcolm Spivey, Jr., a state sex offender subject to SORNA's registration requirements, relocated from North Carolina to Colorado but failed to update his registration in Colorado as required by SORNA. Consequently, Spivey was indicted in the Eastern District of North Carolina with failing to update his registration as a sex offender after travelling in interstate commerce, in violation of 18 U.S.C. § 2250(a). Spivey moved to dismiss the indictment for improper venue, arguing that the District of Colorado was the only proper venue. The district court dismissed Spivey's motion. Spivey conditionally pled guilty, was sentenced, and timely appealed. For the following reasons, we affirm.

I.

Between 1988 and 1993, Spivey was convicted under North Carolina law of four instances of taking indecent liberties with a child under sixteen years old. Per SORNA, Spivey was required to register as a sex offender and update his registration if he moved.

On September 25, 2015, Spivey updated his sex offender registration at the New Hanover County Sheriff's Office (NHCSO), providing an address in Wilmington, North Carolina.

Between February and June 2016, NHCSO attempted to locate Spivey at his registered address but he could not be located. In June 2016, Spivey was arrested for failing to report a new address as a sex offender and was released after posting bond. In December 2016, NHCSO learned that Spivey had relocated and had been living in a lodge in Colorado Springs, Colorado from mid-October to mid-December 2016. On December 30, 2016, Mr. Spivey was apprehended in Colorado Springs and ultimately returned to North Carolina. Investigators learned that Spivey never registered as a sex offender in Colorado and, in a statement to authorities, Spivey admitted that he knew that he was required to update his sex offender registration but failed to do so.[1]

---

[1] Under SORNA's registration provisions, Spivey was required to appear in person in Colorado and inform the authorities of that change in residence no later than three business days after such change. *See* 34 U.S.C. § 20913(a), (c) (describing that after a sex offender changes their name, residence, employment, or student status, they must appear in person in at least one "involved" jurisdiction, which is defined as the jurisdiction where the offender resides, the jurisdiction where the offender is an employee, and the jurisdiction where the offender is a student).

On April 5, 2017, a grand jury in the Eastern District of North Carolina indicted Spivey with failure to update his registration as a sex offender after travelling in interstate commerce, in violation of 18 U.S.C. § 2250(a). Spivey filed a motion to dismiss the indictment for, among other things,[2] improper venue, arguing that the District of Colorado was the only proper venue. *See* Fed. R. Crim. P. 12(b)(3)(A)(i). On October 10, 2017, the district court denied Spivey's motion. Spivey conditionally pled guilty pursuant to a plea agreement and, on February 6, 2018, was sentenced to 10 months' imprisonment. Spivey timely appealed.[3]

---

[2] Spivey also moved to dismiss the indictment for failure to state a claim, arguing that the indictment alleged a violation of SORNA in North Carolina and that Spivey had no obligation to update his registration in North Carolina. Though the issues overlap to some degree, Spivey only pursues his improper venue argument on appeal.

[3] After Spivey filed his opening brief, this Court granted his motion to stay the appeal pending the Supreme Court's decision in *Gundy v. United States*, No. 17-6086. After the Supreme Court issued its decision, this Court permitted Spivey to file supplemental briefing on the case. In his supplemental briefing, Spivey contends that SORNA violates the non-delegation doctrine by assigning a core legislative function to the Attorney General. Sitting with only eight justices, the Supreme Court held in a plurality opinion that 34 U.S.C. § 20913(d) does not violate the non-delegation doctrine. *Gundy v. United States*, 139 S. Ct. 2116, 2121 (2019) (plurality opinion) (noting that the "delegation easily passes constitutional muster"); *see also id.* at 2131 (Alito, J., concurring in the result). The Supreme Court's decision in *Gundy* binds us. *A.T. Massey Coal Co. v. Massanari*, 305 F.3d 226, 236 (4th Cir. 2002) ("It is well established . . . that when a decision of the Court lacks a majority opinion, the opinion of the Justices concurring in the judgment on the 'narrowest grounds' is to be regarded as the Court's holding."). "Here, the narrowest common ground that five Justices stood upon in *Gundy* is that the SORNA delegation did not violate long-standing delegation doctrine analysis." *United States v. Glenn*, 786 F. App'x 410, 412 (4th Cir. 2019). Spivey's counsel concedes that plain error review applies to this claim and that, in light of *Gundy*, the error here is not plain. Oral Arg. 15:22–16:10. However, Spivey has preserved this issue for further appeal.

On appeal, this Court reviews a district court's denial of a motion to dismiss for improper venue de novo. *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004).

II.

Article III of the Constitution requires that "[t]he Trial of all Crimes . . . be held in the State where the said Crimes shall have been committed." U.S. Const. art. III, § 2, cl. 3. The Sixth Amendment also affirms that a defendant has a right to a trial by "an impartial jury of the state and district wherein the crime shall have been committed." U.S. Const. amend. VI; *see also* Fed. R. Crim. P. 18 ("[T]he government must prosecute an offense in a district where the offense was committed.").

In 2006, Congress enacted SORNA to make registration of sex offenders "more uniform and effective" than the "patchwork" of state and federal registration requirements that existed at the time. *Reynolds v. United States*, 565 U.S. 432, 435 (2012). SORNA created federal criminal sanctions for individuals who violate SORNA's registration requirements. *See* 18 U.S.C. § 2250(a). The offense for which Spivey was charged has "three elements." *Carr v. United States*, 560 U.S. 438, 446 (2010). State sex offenders like Spivey may be convicted under 18 U.S.C. § 2250(a) if they: (1) have been required to register under SORNA; (2) "travel[] in interstate . . . commerce";[4] and (3) "knowingly

---

[4] Interstate or foreign travel is not a required element for sex offenders convicted of a sex offense "under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States." 18 U.S.C. § 2250(a)(2)(A).

5

fail[] to register or update a registration as required" by SORNA. 18 U.S.C. § 2250(a). This appeal turns on the second element, namely interstate travel, and how that element relates to venue.

When a criminal statute does not designate the appropriate venue for an offense, courts must determine where the offense was committed (the *locus delicti*) "from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999) (quoting *United States v. Cabrales*, 524 U.S. 1, 6–7 (1998)) (internal quotation mark omitted). Not all elements of a criminal offense are relevant, however, for determining where an offense was committed. Courts instead distinguish between "circumstance" and "conduct" elements. *See United States v. Bowens*, 224 F.3d 302, 310–11 (4th Cir. 2000). "[O]nly the essential conduct elements of an offense, not the circumstance elements, provide a basis for venue." *Id.* at 313 (holding that for the offense of harboring or concealing a fugitive from arrest, in violation of 18 U.S.C. § 1071, the element of an issuance of an arrest warrant was a circumstance element and, therefore, that where the warrant was issued was irrelevant for venue purposes); *see also Cabrales,* 524 U.S. at 7 (holding that for the offense of money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(ii) and 1957, the existence of criminally generated proceeds was a circumstance element of the offense and, therefore, that where the laundered funds were unlawfully generated was irrelevant for venue purposes).

In deciding whether interstate travel is a conduct element, Spivey posits that the requirement for interstate travel in § 2250(a)(2) is an inconsequential element of the offense that is merely present to generate federal jurisdiction. In light of the Supreme

6

Court's holding in *Carr*, Spivey's argument is without merit. In that case, the question before the Court was whether a defendant could be convicted under § 2250(a) for interstate travel that pre-dated SORNA's effective date. The Court held that it could not. *Carr*, 560 U.S. at 456–58. Importantly, in discussing the element of "interstate travel," the Supreme Court characterized the element as "an aspect of the harm Congress sought to punish" and expressly rejected the argument that it was solely a jurisdictional predicate. *Id.* at 453–54. Instead, the Court held that the element of interstate travel was the "the very *conduct* at which Congress took aim." *Id.* at 454 (emphasis added). For that reason, under *Carr*, the element of "interstate travel" is an essential conduct element for a conviction under § 2250(a).

To circumvent the conclusion that *Carr* compels, Spivey attempts to seek refuge in the Supreme Court's recent decision in *Nichols v. United States*, 136 S. Ct. 1113, 1117–18 (2016). There, the Supreme Court was tasked with deciding whether a federal sex offender was required to update his registration in Kansas once he left the state and moved to the Philippines. The Court held that SORNA did not require the defendant to update his registration in Kansas once he no longer resided there. *Id.* at 1118 (discussing 42 U.S.C. § 16913(a), which later became 34 U.S.C. § 20913(a)). Spivey argues that, in light of *Nichols*, he had no obligation to update his registration in North Carolina given that he no longer resided there; instead, Spivey argues, venue should only lie in Colorado where he resided and failed to update his registration. The problem with Spivey's reliance on *Nichols* is that *Nichols* did not address the issue of venue, but rather concerned what qualifies as an "involved" jurisdiction for SORNA's registration requirements. *Id.* at 1116;

7

*see supra* note 1. Moreover, *Nichols* involved a federal sex offender, not a state sex offender. That distinction matters. A "federal sex offender, unlike a state sex offender, does not need to travel interstate to commit a SORNA offense." *United States v. Holcombe*, 883 F.3d 12, 15–16 (2d Cir. 2018); *see supra* note 4. As a result, *Nichols* does not assist us in answering the question presented on appeal, and it certainly did not abrogate the holding in *Carr* that the element of interstate travel was the "very conduct at which Congress took aim." *See Carr*, 560 U.S. at 454.

Having determined that interstate travel is a conduct element and, therefore, relevant for the purposes of determining venue, we must determine whether interstate travel occurred in North Carolina. Here, the question whether Spivey's interstate travel occurred in North Carolina is, in effect, answered by the adjective "interstate," which must logically involve the departure from one state to another. *See Holcombe*, 883 F.3d at 16 ("Interstate travel requires a departure from one State just as much as arrival in another."). Spivey's interstate travel began when he stepped outside of North Carolina. As a result, the essential conduct element of interstate travel occurred in North Carolina (as well as Colorado). Moreover, this conclusion is bolstered by 18 U.S.C. § 3237(a), which provides that for offenses "begun in one district and completed in another," or for offenses "committed in more than one district," venue may lie "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). Spivey's interstate travel began in North Carolina. As a result, we join several of our fellow circuits and hold that venue was proper in the district from which Spivey departed, namely the Eastern District of North Carolina. *See Holcombe*, 883 F.3d at 15–16; *United States v. Kopp*, 778 F.3d 986, 988–89 (11th Cir.

8

2015); *United States v. Lewis*, 768 F.3d 1086, 1092–94 (10th Cir. 2014); *United States v. Howell*, 552 F.3d 709, 717–18 (8th Cir. 2009). *But see United States v. Haslage*, 853 F.3d 331, 335 (7th Cir. 2017) (holding in a 2-1 decision that venue was not proper in the district where the defendant departed). Therefore, the district court did not err in denying Spivey's motion to dismiss the indictment.

## III.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED.*