**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4271**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DOUGLAS B. PHILLIPS, a/k/a Douglas Phillips,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Elizabeth Kay Dillon, District Judge.  (7:18-cr-00021-EKD-1)

Submitted:  February 28, 2022                Decided:  March 18, 2022

Before KING and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles Michael Henter, HENTERLAW, PLC, Charlottesville, Virginia, for Appellant. **ON BRIEF:**  Melissa W. Friedman, MELISSA W. FRIEDMAN, Roanoke, Virginia, for Appellant.  Thomas T. Cullen, United States Attorney, Laura Day Rottenborn, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Douglas B. Phillips appeals his jury conviction for knowingly failing to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA) after having traveled in interstate commerce, in violation of 18 U.S.C. § 2250(a), and knowingly possessing a firearm and ammunition affecting interstate commerce after having been convicted of a crime punishable by imprisonment for more than one year, in violation of 18 U.S.C. § 922(g)(1). On appeal, he argues the district court erred in instructing the jury on his § 922(g)(1) offense, and in admitting and excluding evidence. We affirm.

Phillips first contends that his § 922(g)(1) conviction must be reversed under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), since the jury was instructed that the Government did not need to prove that Phillips knew he was a convicted felon. Because he did not raise this issue in the district court, we review it for plain error. *See Greer v. United States*, 141 S. Ct. 2090, 2096 (2021); *United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) ("plain-error review applies to unpreserved *Rehaif* errors"). "To succeed in obtaining plain-error relief, a defendant must show (1) an error, (2) that is plain, (3) and that affects substantial rights . . . ." *Caldwell*, 7 F.4th at 211. For a jury conviction, a defendant "has the burden of showing that, if the District Court had correctly instructed the jury on the *mens rea* element of a felon-in-possession offense, there is a 'reasonable probability' that he would have been acquitted." *Greer*, 141 S. Ct. at 2097 (citation omitted). "If those three requirements are met, [we] may grant relief if [we] conclude[] that the error had a serious effect on the fairness, integrity or public reputation of judicial proceedings." *Id*. at 2096–97 (citations omitted).

"[I]n *Rehaif*, the Supreme Court concluded that to obtain a § 922(g) conviction, the government 'must show that the defendant knew he possessed a firearm *and also that he knew he had the relevant [felon] status when he possessed it*." *Caldwell*, 7 F.4th at 213 (quoting *Rehaif*, 139 S. Ct. at 2194). "As the Supreme Court has noted, '[i]n a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on'" a *Rehaif* error. *Id.* (quoting *Greer*, 141 S. Ct. at 2097). "The reason is simple: If a person is a felon, he ordinarily knows he is a felon." *Id.* (quoting *Greer*, 141 S. Ct. at 2097).

However, "the mere undisputed fact that [the defendant] was a felon at the time of the [offense] is not dispositive." *Id.* "[T]here may be cases in which a defendant who is a felon can make an adequate showing on appeal that he would have presented evidence in the district court that he did not in fact know he was a felon when he possessed firearms." *Greer*, 141 S. Ct. at 2097. "But if a defendant does not make such an argument or representation on appeal, [we] will have no reason to believe that the defendant would have presented such evidence to a jury, and thus no basis to conclude that there is a 'reasonable probability' that the outcome would have been different absent the *Rehaif* error." *Id*.; *see United States v. Hobbs*, 24 F.4th 965, 973 (4th Cir. 2022) (concluding that defendant failed to carry this burden where he testified at trial that he was not allowed to possess firearms, and on appeal, he had "not proffered 'a sufficient argument or representation' that he would have presented a factual basis at trial for contradicting this evidence that he knew he was a felon" (quoting *Greer*, 141 S. Ct. at 2100)).

3

Here, it is undisputed that the district court erred in instructing the jury on the mens rea requirement for a conviction under § 922(g)(1) in light of *Rehaif* and that this error was plain, but we conclude that Phillips has failed to show a reasonable probability that he would not have been convicted absent the *Rehaif* error. The evidence at trial established that Phillips knew he was a convicted felon; and on appeal, he has not proffered any argument or representation that he could have or "would have presented a factual basis at trial for contradicting this evidence." *Hobbs*, 24 F.4th at 973.

Phillips also challenges two evidentiary rulings, one admitting evidence under Fed. R. Evid. 404(b) and one excluding evidence under Fed. R. Evid. 402, each with respect to his SORNA offense. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Webb*, 965 F.3d 262, 266 (4th Cir. 2020). We have reviewed the record and find no abuse of discretion by the district court.

"Rule 404(b) provides that '[e]vidence of a crime, wrong, or other act is not admissible to prove a person's *character* in order to show that on a particular occasion the person acted in accordance with the character,' but that such evidence may nonetheless be admissible for other purposes, 'such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'" *United States v. Bell*, 901 F.3d 455, 464–65 (4th Cir. 2018) (quoting Fed. R. Evid. 404(b)). "It is thus a rule of inclusion because it 'recognizes the admissibility of prior crimes, wrongs, or acts, with only the one stated exception.'" *Id*. at 465 (quoting *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997)).

We have applied a four-factor test in evaluating whether a district court abused its discretion in admitting prior "bad act" evidence: (1) "The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant"; (2) "The act must be necessary in the sense that it is probative of an essential claim or an element of the offense"; (3) "The evidence must be reliable"; and (4) "the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process." *United States v. Cowden*, 882 F.3d 464, 472 (4th Cir. 2018) (citations omitted). "And the unfair prejudice is not shown merely because the evidence is damaging to a defendant's case, since highly probative [evidence] invariably will be prejudicial to the defense." *Bell*, 901 F.3d at 465 (citation omitted). Moreover, any prejudicial effect may be reduced by "a limiting instruction explaining the narrow purpose for which the prior 'bad act' evidence may be considered." *Cowden*, 882 F.3d at 472.

The district court overruled Phillips's pretrial objection to the admission of his prior New York failure-to-register convictions, ruling them admissible for the limited purpose of showing his knowledge of his duty to register as a sex offender. The court also issued limiting instructions to that effect. On appeal, Phillips argues that because he admitted at trial "that he knew he was required to register and that he did not," the Rule 404(b) evidence was not "necessary"; and "the prejudicial nature of the evidence substantially outweighed any small probative value of the convictions." We disagree. An essential element of the SORNA offense was that Phillips knowingly failed to register or update a registration as required by SORNA. *See United States v. Spivey*, 956 F.3d 212, 215 (4th Cir. 2020).

5

Because the Rule 404(b) evidence was probative of this element, it was "necessary." *See United States v. Rooks*, 596 F.3d 204, 211–12 (4th Cir. 2010) ("That the evidence was not critical to the prosecution's case against [the defendant] does not render it unnecessary for purposes of Rule 404(b)[.]"). Moreover, we agree with the Government that given Phillips's shifting positions before and during trial, it could not reasonably have predicted his defense at trial or potential testimony. We therefore conclude that any possible unfair prejudice, in light of the appropriate limiting instructions, did not substantially outweigh the probative value of the evidence. *See id.* at 212; *Cowden*, 882 F.3d at 473.

Finally, Phillips argues the district court erred in granting the Government's motion in limine to preclude, as irrelevant under Fed. R. Evid. 402, Phillips's argument that he was innocent of the underlying sex offense. The district court agreed with the Government that this case was not the appropriate proceeding to challenge the underlying conviction, and held that the Government still had to show that Phillips "was convicted of that underlying offense that required the registration." J.A. 26. We find no abuse of discretion. "SORNA defines a 'sex offender' as 'an individual who was convicted of a sex offense,'" *United States v. Helton*, 944 F.3d 198, 202 (4th Cir. 2019) (quoting 34 U.S.C. § 20911(1)), and requires such persons to "register" and "keep the registration current" wherever they reside, are employees, or are enrolled as students, 34 U.S.C. § 20913(a). Phillips's claim that he did not commit the underlying sex offense, and that this explained his motive for failing to register, was not relevant to whether he was "convicted of a sex offense" or knowingly failed to register under SORNA.

6

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*