**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-4566**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BRADLEY BEAUCHAMP, a/k/a Bizzy,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:17-cr-00134-FDW-DSC-6)

Submitted: January 31, 2022                      Decided: March 30, 2022

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** S. Frederick Winiker, III, WINIKER LAW FIRM, PLLC, Charlotte, North Carolina, for Appellant. William T. Stetzer, Acting United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bradley Beauchamp appeals his convictions and the 140-month sentence imposed for his role in a conspiracy to participate in racketeering activity, in violation of 18 U.S.C. §§ 1962(d), 1963(a); and a conspiracy to commit wire fraud affecting a financial institution, in violation of 18 U.S.C. §§ 1343, 1349. Beauchamp asserts that the district court erred when it (1) denied his motion to suppress evidence seized by law enforcement during a March 2016 traffic stop; (2) denied his motions to dismiss for lack of venue and due process; and (3) calculated his Sentencing Guidelines range. We affirm.

Beauchamp first asserts that the district court should have suppressed all evidence obtained during the March 2016 traffic stop because, since the window tint on his side windows complied with state law, law enforcement lacked reasonable suspicion to conduct the stop. "When reviewing a district court's ruling on a motion to suppress, [we] review[] conclusions of law de novo and underlying factual findings for clear error." *United States v. Fall*, 955 F.3d 363, 369-70 (4th Cir.) (cleaned up), *cert. denied*, 141 S. Ct. 310 (2020). Where, "as here, the district court denies the motion to suppress, [we] construe[] the evidence in the light most favorable to the government." *Id.* at 370 (cleaned up).

It is clear that the Fourth Amendment authorizes officers to stop a vehicle if the officer has probable cause to believe that the driver has committed a traffic infraction. *See United States v. Bowman*, 884 F.3d 200, 209 (4th Cir. 2018). Moreover, this court has recognized that "illegally tinted windows are alone sufficient to justify a traffic stop." *United States v. Palmer*, 820 F.3d 640, 650 (4th Cir. 2016) (internal quotation marks omitted).

Here, a law enforcement officer testified during the suppression hearing that he was trained to recognize unlawful window tint and that he believed the vehicle Beauchamp was driving at the time of the March 2016 traffic stop had windows that were darker than permitted by law, in part because he could not see through the windows. As the officer explained, his patrol car has a window tint of 32 percent, which is four percent higher than the applicable state legal limit of 28 percent, and he is able to see through his patrol car windows. We defer to the district court's decision to credit the officer's testimony that he believed the window tint on the stopped vehicle was unlawful and, accordingly, find no clear error. *See United States v. Ferebee*, 957 F.3d 406, 417 (4th Cir. 2020) (recognizing that "the district court's resolution of a close factual question that is based on evidence found credible by the district court cannot be against the clear weight of the evidence" (internal quotation marks omitted)).

Beauchamp next asserts that the district court should have granted his motion to dismiss for lack of venue because he argues that the Government did not establish that he was involved in acts in North Carolina, either personally or through his coconspirators. We review de novo a district court's denial of a motion to dismiss for improper venue. *United States v. Spivey*, 956 F.3d 212, 215 (4th Cir.), *cert. denied*, 141 S. Ct. 954 (2020).[*]

---

[*] Although Beauchamp purports to challenge the court's denial of his motion to dismiss based on the Government's two-month delay between his arrest and first court appearance, Beauchamp provides us with no legal argument in support of this challenge. Accordingly, he has waived any challenge to the court's order. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (cleaned up)).

A criminal defendant must be prosecuted in the state and district where he committed the charged offenses. *See* U.S. Const. art. III, § 2, cl. 3; Fed. R. Crim. P. 18. "When a criminal statute does not designate the appropriate venue for an offense, courts must determine where the offense was committed . . . from the nature of the crime alleged and the location of the act or acts constituting it." *Spivey*, 956 F.3d at 215 (internal quotation marks omitted). "In a conspiracy case, venue is proper in any district in which any act in furtherance of the conspiracy was committed, and proof of acts by one co-conspirator can be attributed to all members of the conspiracy." *United States v. Camara*, 908 F.3d 41, 48 (4th Cir. 2018) (internal quotation marks omitted).

In this case, the district court correctly recognized that the grand jury charged Beauchamp with participating in the charged conspiracies within North Carolina, and Beauchamp acknowledged in his motion to dismiss that his coconspirators may have committed acts with connections to the Western District of North Carolina. Indeed, the evidence presented at trial confirmed that multiple acts in furtherance of the charged conspiracies occurred in North Carolina. We therefore discern no error in the district court's decision to deny Beauchamp's motion to dismiss for improper venue.

Beauchamp last challenges the reasonableness of his sentence by assigning error to the district court's calculation of his Guidelines range. We review sentences for their procedural and substantive reasonableness, *Gall v. United States*, 552 U.S. 38, 51 (2007), and our review for procedural reasonableness requires us to consider, in part, "whether the district court properly calculated the defendant's advisory guidelines range," *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019).

4

"In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, we review the district court's legal conclusions *de novo* and its factual findings for clear error." *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018) (alterations and internal quotation marks omitted). Here, Beauchamp challenges the district court's (1) decision to increase his offense level for being a leader of the charged conspiracies and because the conspiracies involved the sale of stolen property; (2) loss amount calculation; and (3) refusal to reduce Beauchamp's offense level for acceptance of responsibility.

We have considered Beauchamp's arguments in conjunction with the evidence presented in the district court and find no clear error in the challenged findings. *See United States v. Carver*, 916 F.3d 398, 404 (4th Cir. 2019) (acceptance of responsibility); *Camara*, 908 F.3d at 50 (stolen property); *United States v. Shephard*, 892 F.3d 666, 672 (4th Cir. 2018) (loss amount); *United States v. Steffen*, 741 F.3d 411, 414 (4th Cir. 2013) (role in the offense).

Based on the foregoing, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*